In the Matter of the Liquidation of Lawyers Mortgage Company. In the Matter of a Proposal or Plan by Mortgage Commission of the State of New York to Exercise Certain of Its Limited Powers with Respect to a Mortgage Covering Premises Known as No. 40 Lincoln Road, in the Borough of Brooklyn, County of Kings, City and State of New York, Securing Mortgage Investments Guaranteed by Lawyers Mortgage Company and Designated as Mortgage No. 29,617. In the Matter of the Application of Title Guarantee and Trust Company, as Trustee for the Benefit of Certificate Holders in Mortgage No. 29,617 of Lawyers Mortgage Company, for an Order Directing the Superintendent of Insurance of the State of New York and Mortgage Commission of the State of New York, to Pay over Certain Sums of Money Taken from the Funds of Said Mortgage Issue. Louis H. Pink, Superintendent of Insurance of the State of New York, as Successor to Mortgage Commission of the State of New York, Appellant; Title Guarantee and Trust Company, as Trustee of Series No. 29,617 of Lawyers Mortgage Company, Respondent.— Proceeding for the reorganization of a guaranteed mortgage issue. Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, without costs. The Superintendent of Insurance asserts that the Mortgage Commission was entitled to a sum in excess of the amount involved herein ($2,774.75) for servicing the $380,000 mortgage, including the collection of over $40,000 in rents and for management of property from May 21, 1935, to December 22, 1936, under an assignment of rents. In April, 1937, it filed certain schedules of charges in the office of the county clerk, effective as of December 1, 1935, pursuant to the powers conferred by section 24 of chapter 19 of the Laws of 1935, as amended by chapter 729 of the Laws of 1936. There is no claim that the charges are unreasonable. Upon the basis of these rates, the Commission would be entitled for the year 1936 and for the months in 1935, the rate of which was less than one-half of that of 1936, to a sum slightly in excess of $2,774.75. To this sum it would be entitled, whether or not there had been a charge for the collection of arrears of interest at the closing transaction of the reorganization of the mortgage, such charge being prohibited by the plan of reorganization, since the servicing

charge was based at a yearly rate on the amount of the mortgage and not upon quantity of service rendered. However, there is nothing to indicate that there was any special charge for collecting the arrears of interest. Respondent believed there was such a charge because it claimed the sum of $2,774.75 was taken out of arrears of interest. This is not the fact. The interest due and unpaid was $33,250. Of course, the owner was entitled to a credit for rents collected. The Commission had on hand a balance of rents collected of $9,683.51 and it had paid to itself for service charges out of rents collected $7,047.07, or a total of $16,730.58, which was credited to the owner on the closing, leaving the arrears at $16,519.42. It was not necessary to take the sum of $2,774.75, nor was that sum taken, out of arrears of interest, as claimed by respondent. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.